IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT SCHOCK, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 09-647-GMS |
| | ) |
| JAMES M. BAKER, et al., | ) |
| | ) |
|        Defendants. | ) |

Albert Schock, Woldemar Schock, and Irma Schock, Georgetown, Delaware, *pro se*.

Rosamaria Tassone-DiNardo, City of Wilmington Law Department, Wilmington, Delaware, for Defendants.

**MEMORANDUM OPINION**

Dated: September 10, 2010
Wilmington, Delaware

*[signature]*

GREGORY M. SLEET, Chief Judge

## I. INTRODUCTION

On August 28, 2009, the plaintiffs, Albert Schock, Woldemar Schock, and Irma F. Schock (collectively, the "plaintiffs") filed the above-captioned action *pro se* against James M. Baker, Jeffrey Starkey, Anthony Knisely, and Michael E. Miller (collectively, the "defendants") pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights based on a "denial of property rights" and discrimination relating to the "ownership and use of private property." (D.I. 1.) Presently before the court are the defendants' motion for leave to file a memorandum of points and authorities in support of their motion to dismiss (D.I. 5) and the motion to dismiss the plaintiffs' complaint, or in the alternative, for a more definite statement (D.I. 6). For the reasons that follow, the court will deny the defendants' motion for leave to file a memorandum of points and authorities as moot, and the court will grant in part and deny in part the defendants' motion to dismiss. The court will dismiss the plaintiffs' claims without prejudice, and with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and *Phillips v. County of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008).

## II. BACKGROUND

The plaintiffs filed their complaint on August 28, 2009, alleging that the defendants engaged in behavior that led to the demolition of a 20,000 square foot building situated at 300 South Market Street in Wilmington, Delaware on August 30, 2007. (D.I. 1.) The plaintiffs' complaint contained no further factual allegations in support of their claim under 42 U.S.C. § 1983. (*Id.*) On January 5, 2010, the court ordered the plaintiffs to show cause why the case should not be dismissed for failure to serve process within 120 days of filing the complaint as

required by Fed. R. Civ. P. 4(m). (D.I. 4.) The plaintiffs responded to the court's order on January 19, 2010 to demonstrate that the defendants had been served within the requisite 120 day period (D.I. 8), and the court entered an order indicating that cause had been shown on May 21, 2010 (D.I. 17).

The defendants filed a motion for leave to file a memorandum of points and authorities (D.I. 5) and motion to dismiss (D.I. 6) on January 6, 2010. The defendants alleged that the plaintiffs' complaint must be dismissed for the following reasons: (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (3) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 7.) In the alternative, the defendants moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (*Id.*) In response, the plaintiffs filed a motion to strike, which the court construes as a response to the defendants' motion to dismiss, alleging that: (1) the plaintiffs' January 19, 2010 response to the court's order to show cause negated the defendants' personal jurisdiction argument; and (2) the plaintiffs seek relief under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (D.I. 14.)

The plaintiffs also alleged additional facts in their response to the defendants' motion to dismiss. (*Id.*) Specifically, the plaintiffs contend that the timing of the demolition coincided with, and was motivated by, the City of Wilmington's plans for certain development projects. (*Id.*) According to the plaintiffs, demolition plans were discussed prior to the City of Wilmington's commission of an engineering report on the structural soundness of the building, and these plans did not affect other properties in the vicinity. (*Id.*) An emergency demolition order was issued on January 25, 2007, the plaintiffs appealed, and a hearing was held on March

12, 2007. (*Id.*) Although the plaintiffs needed a copy of the engineering report to comply with the remediation requirements in a timely manner, the plaintiffs first learned about the engineering report at the hearing and did not receive a written copy of the report until June 2007. (*Id.*) In the meantime, the City of Wilmington issued a list of properties to be acquired under the South Walnut Street Urban Renewal Plan ("SWURP"), which included the plaintiffs' property. (*Id.*) The plaintiffs were subsequently served with a notice of demolition. (*Id.*)

The defendants filed a reply in support of their motion to dismiss on February 3, 2010, alleging that: (1) service of process was insufficient as to defendants Starkey and Knisely because the clerical employee who received service was not authorized to accept service on their behalf; and (2) the additional facts alleged in the plaintiffs' motion to strike and their claims for violations of the Equal Protection and Due Process Clauses were insufficient to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 15.)

## III. STANDARD OF REVIEW

The court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor of the plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). Because the plaintiffs proceed *pro se*, their pleading is liberally construed

and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## IV. DISCUSSION

As an initial matter, the court finds that the plaintiffs' response to the court's January 5, 2010 order to show cause and the court's subsequent order finding cause shown render the defendants' motion to dismiss for lack of personal jurisdiction and insufficient service of process moot. The court therefore denies the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5).[1] (D.I. 8, 17.) Turning to the defendants' motion to dismiss for failure to state a claim upon which relief can be granted, the court finds that the complaint fails to state a claim under 42 U.S.C. § 1983 and dismisses the complaint without prejudice and with leave to amend.

When bringing a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To state a claim under 42 U.S.C. § 1983 for a deprivation of property rights under the Fourteenth Amendment, the complaint must contain factual allegations sufficient to support the theory that the defendants' actions or omissions caused a deprivation of the plaintiffs' rights to procedural due process, substantive due process, and/or equal protection. *See El Malik v. City of Philadelphia*, 2006 WL 2136100, at *3 (E.D. Pa. July 26, 2006).

Procedural due process normally requires that a "deprivation of life, liberty or property by

---

[1] The court will not entertain the defendants' alternative arguments regarding insufficiency of service of process which were raised for the first time in the defendants' reply brief.

adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). First, the court asks whether the complaint alleges the deprivation of a protected property interest; next, it must determine whether the procedures available provided the plaintiff with due process of law. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Nothing in the plaintiffs' complaint describes the protected nature of the property at issue, nor do the plaintiffs explain how the procedures made available to them in their appeal of the emergency order were constitutionally deficient. Thus, the complaint fails to state a claim for a violation of procedural due process under 42 U.S.C. § 1983.

To state a substantive due process claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the deprivation of a fundamental property interest, *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000); and (2) the government's deprivation of that property interest which shocks the conscience, *see United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003) ("[T]he substantive component of the Due Process Clause is violated by executive action *only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense'*"). The plaintiffs' complaint fails to set forth facts supporting their fundamental interest in the property at issue and demonstrating that the defendants' acts shocked the conscience. Therefore, the court finds that the plaintiffs' complaint fails to state a substantive due process claim upon which relief can be granted.

To state a § 1983 claim arising under the Equal Protection Clause of the Fourteenth Amendment, the plaintiffs must allege that they "received different treatment from that received

by other individuals similarly situated." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005). The plaintiffs suggest that they suffered disparate treatment compared to other similarly situated property owners in their response to the motion to dismiss, but the complaint itself is devoid of allegations supporting a claim of discrimination. As a result, the court finds that the complaint fails to state a claim against the defendants pursuant to 42 U.S.C. § 1983 for a deprivation of the Fourteenth Amendment right to equal protection.

After having considered the plaintiffs' complaint, the court concludes that the allegations fail to state a claim for relief that is plausible on its face. Accordingly, the court will dismiss the complaint for failure to state a claim. The court, however, will grant the plaintiffs leave to amend their complaint so that they may clarify the factual basis of their claims. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (instructing the court to permit a curative amendment if a complaint is vulnerable to Rule 12(b)(6) dismissal, unless amendment would be inequitable or futile). Because the court grants the defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), it need not address the defendants' alternative argument for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## V. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is GRANTED in part and DENIED in part. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT SCHOCK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. Action No. 09-647-GMS |
| | ) |
| JAMES M. BAKER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion to dismiss the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 6) is GRANTED.

2. The defendants' motion to dismiss the plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) (D.I. 6) is DENIED.

3. The defendants' motion for leave to file a memorandum of points and authorities in support of their motion to dismiss (D.I. 5) is DENIED as moot.

3. The court shall dismiss the complaint without prejudice, and the plaintiffs shall file an amended complaint within thirty (30) days of the date of this Order, which clarifies the factual basis of their claims. Should the plaintiffs fail to file an amended complaint within the prescribed time, the court will dismiss this action.

_____
CHIEF, UNITED STATES DISTRICT JUDGE